762 F.2d 1013
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
HENRY A. WADE, PLAINTIFF-APPELLANT,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, DEFENDANT-APPELLEE.
 NO. 83-1813
 United States Court of Appeals, Sixth Circuit.
 4/30/85
 
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN
 Before: MERRITT, KENNEDY and WELLFORD, Circuit Judges.
 MERRITT, Circuit Judge.
 
 
 1
 Claimant Wade applied for disability benefits on August 20, 1981, alleging a disability onset date of August 6, 1980. In a decision approved by the Appeals Council, the ALJ determined that Wade had the residual functional capacity to perform sedentary work and that such work existed in the national economy. The United States District Court for the Eastern District of Michigan affirmed the Secretary's denial, and claimant appealed. We affirm the District Court's denial of benefits.
 
 
 2
 Wade was forty-eight years old when he applied for disability benefits. He has an eighth grade education and a G.E.D., the equivalent of a high school education. He alleges disability based on head and neck injuries occurring at various times during his career as an iron worker. Wade warked as an iron worker from 1951 to 1972, and on the ground as a millwright until 1980, when he stopped working. His injuries date from 1949, when his skull was fractured by a wrench that fell sixty-five feet before striking Wade. At that time a metal plate was placed in his skull to repair the resulting fracture. A second accident happened to Wade in 1968, when he fell 18-20 feet from a church and landed on his neck and shoulders. Wade states that after this second fall, he began experiencing problems with his sense of balance. Later, he developed vision problems.
 
 
 3
 Wade currently takes over-the-counter pain medications. Medical reports prepared by Dr. McMorrow show some abnormalities of the brain stem, atrophy of part of the left frontal lobe, and slight paralysis on the right side of Wade's body. Wade's abnormal reflex responses were noted in the reports of Drs. McMorrow, Araki, Brackett, and Shephard. His visual problems were analyzed by ophthalmologist Chemichian, who diagnosed migraine headaches. The report of Dr. Brackett concluded that Wade was disabled due to his lack of positional sense. Wade alleges disability because of vision problems, migraine headaches, chest pains, mild paralysis, and balance problems.
 
 
 4
 We are constrained on appellate review to affirm the Secretary's decision if it is supported by substantial evidence. Sec. 205(g) of the Social Security Act, 42 U.S.C. Sec. 405(g) (1982). Wade established as a threshold matter that he suffers from a severe impairment and that he can no longer perform his past work. The burden is thus on the Secretary to prove that the claimant has the residual functional capacity for sedentary work and that such work exists in the national economy. See Kirk v. Secretary of Health & Human Services, 667 F.2d 524, 528-29 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983). We hold that the Secretary has sustained this burden.
 
 
 5
 The ALJ held that objective medical findings did not support Wade's claim of disabling neuromuscular function. Specifically, two different physicians identified Wade's gait as 'clearly hysterical' and 'clearly not organic.' Wade had full range of motion in the hips, knees, and ankles. The migraine headaches were considered treatable, although the testimony of one physician was somewhat contradictory on this point. There was no evidence of seizure discharge. Wade's chest pains were not cardiac in origin. He had worked with his impairment for years, and there was no evidence of significant deterioration. There was significant medical opinion in the record to the effect that Wade's asserted impairment was based on functional rather than organic factors; the ALJ further questioned Wade's credibility relative to his subjective symptoms.
 
 
 6
 On the basis of the objective medical findings, we find substantial evidence for the Secretary's decision. Accordingly, the judgment of the District Court is affirmed.